IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joshua Drummond, | ) | C/A No.: 1:26-1062-JDA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| Scotty Bodiford, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Joshua Drummond ("Plaintiff"), proceeding pro se, sues Scotty Bodiford ("Defendant"), jail administrator of the Greenville County Detention Center ("GCDC") where Plaintiff is currently housed, alleging Plaintiff's rights were violated when he was denied receipt of "a religious book for my religion WICCAN." [ECF No. 1 at 4]. Plaintiff brings his claims pursuant to 42 U.S.C. § 1983.

This matter is before the court on Defendant's motion to dismiss. [ECF No. 14]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the dismissal procedures and the possible consequences if he failed to respond adequately to the motion. [ECF No. 15]. The motion is fully briefed [ECF No. 20] and ripe for disposition.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.), this matter has been assigned to the undersigned for all pretrial proceedings. Having carefully considered the parties' submissions and the

record in this case, the undersigned recommends the district judge grant Defendant's motion.

I.    Factual and Procedural Background

Plaintiff alleges that Defendant is the GCDC administrator but does not assert any other allegations against Defendant. [ECF No. 1 at 2]. Plaintiff alleges that on February 25, 2026, he ordered a religious book pertaining to the Wiccan religion. *Id.* at 4. Plaintiff alleges that he received an Inmate Property Record which informed him that the book he had ordered was unauthorized. *Id.* at 4–5. Plaintiff alleges that he has complained to sergeants, lieutenants, and guards about this matter. *Id.* at 8. Plaintiff seeks an order compelling Defendant to provide him with a Wiccan Bible. *Id.* at 5. He also seeks to prevent Defendant from violating the First Amendment rights to religion for all GCDC detainees. *Id.*[1]

II.    Discussion

A.    Motion to Dismiss Standard

A motion to dismiss under Rule 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. *Edwards v. City of Goldsboro,* 178 F.3d 231, 243–44 (4th Cir. 1999). To survive a Rule 12(b)(6)

---

[1] On March 26, 2026, Plaintiff filed a supplement to his complaint. [ECF No. 12]. In that filing, Plaintiff states that he seeks punitive and compensatory damages of $15,000.00 "for the intentional infliction of emotional distress" of being deprived of religious material. *Id.* Plaintiff does not mention Defendant in that filing. *Id.*

motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards*, 178 F.3d at 244. Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth

a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis

A civil action brought pursuant to 42 U.S.C. § 1983 provides a means to vindicate violations of rights, privileges, or immunities secured by the Constitution and laws of the United States, but the statute is not, itself, a source of substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). "Section 1983 imposes liability on any person who, under the color of state law, deprives another person 'of any rights, privileges, or immunities secured by the Constitution and laws.'" *Doe v. Kidd*, 501 F.3d 348, 355 (4th Cir. 2007) (citing 42 U.S.C. § 1983). "Under 42 U.S.C. § 1983, a plaintiff must establish three elements to state a cause of action: (1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." *Jenkins v. Medford*, 119 F.3d 1156, 1159–60 (4th Cir. 1997).

As indicated, a plaintiff must allege a causal connection or affirmative link between the conduct of which he complains and the official sued. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (providing that a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the constitution); *Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976) (holding a § 1983 plaintiff must show that he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and

that conduct).

As argued by Defendant, and not addressed by Plaintiff, "[w]hen a complaint contains no personal allegations against a defendant, that defendant must be dismissed." [ECF No. 14-2 at 3 (citing *Austin v. Bodiford*, C/A No. 8:25-3880-SAL-WSB, 2025 WL 2201409, at \*4 (D.S.C. June 12, 2025) ("Plaintiff names a single Defendant in this case [Bodiford], who is identified as the jail administrator of GCDC. However, Plaintiff makes no allegations that Bodiford had any direct, personal involvement in the events underlying Plaintiff's claims. Plaintiff's 'general allegations, absent any specific facts of personal involvement in the events giving rise to this case, are insufficient to state a cognizable § 1983 claim' against Bodiford.") (citations omitted)), report and recommendation adopted, C/A No. 3:25-3880-SAL, 2025 WL 2200958 (D.S.C. Aug. 1, 2025); *Wilson v. Bodiford*, C/A No. 2:13-199-RMG, 2014 WL 272238, at \*8 (D.S.C. Jan. 23, 2014) ("Plaintiff has not made any allegations against Bodiford, other than Bodiford is the administrator of the Detention Center. Such an allegation is insufficient to give rise to liability under § 1983.") (citations omitted))].

Here, Plaintiff alleges that he filed a grievance asserting the claim that he "was denied my [Wiccan] Bible," but received no response although "they looked at the message." [ECF No. 1 at 7]. This is insufficient where Plaintiff has failed to allege any wrongdoing as to Defendant. *See Sweat v. Stirling*, (C/A

No. 2:19-307-JMC-MGB, 2020 WL 2066922, at *3 (D.S.C. Apr. 10, 2020) ("As the defendants point out, Sweat has not presented any evidence that either of them had any involvement in the instances where he could not access his religious materials. Indeed, when Sweat was at Perry and Lieber, the defendants were high-level Department officials. Nothing in the record indicates either of them even were aware of the issue, let alone that they condoned it."), report and recommendation adopted, C/A No. 2:19-00307-JMC, 2020 WL 2063856 (D.S.C. Apr. 29, 2020).[2]

Likewise, Plaintiff has failed to allege any facts in support of supervisory liability under  § 1983 showing Defendant (1) had actual or constructive knowledge that their subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that their response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices[ ]"; and (3) that there was an "affirmative causal link" between

---

[2] This case stands in contrast to those where the plaintiff alleged the plausible involvement of specific defendants. *See, e.g., Rogers v. Fontaine*, No. 3:23-CV-1350 (OAW), 2024 WL 83338, at *3 (D. Conn. Jan. 8, 2024) ("Plaintiff's allegations about his consistent deprivation of Wiccan materials and difficulty in practicing his religious rituals suggest that his religious rights are being impinged upon absent legitimate penological reason. Thus, for purpose of this initial review, Plaintiff's allegations raise sufficiently cognizable claims pursuant to the Free Exercise Claus of the First Amendment. The court will permit Plaintiff to proceed on his First Amendment free exercise claims for damages against Dr. Santiago, Chaplain Torres, and Defendant Fontaine, each of whom is plausibly involved in the asserted religious deprivations.").

Defendants' inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted)).

To the extent that Plaintiff is seeking to assert claims on behalf of others, he may not do so. *See Myers v. Loudoun Cnty. Pub. Schls.*, 418 F.3d 395, 400 (4th Cir. 2005) ("An individual unquestionably has the right to litigate his *own* claims in federal court . . . .The right to litigate for *oneself*, however, does not create a coordinate right to litigate for *others*"); *Hummer v. Dalton*, 657 F.2d 621, 625–26 (4th Cir. 1981) (holding that a prisoner's suit is "confined to redress for violation of his own personal rights and not one by him as a knight-errant for all prisoners").[3]

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district judge grant Defendant's motion to dismiss. [ECF No. 14].

IT IS SO RECOMMENDED.

June 1, 2026                                Shiva V. Hodges
Columbia, South Carolina         United States Magistrate Judge

---

[3] In his response to Defendant's motion to dismiss, Plaintiff discusses violations of the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, *et seq.* ("SCTCA"). [ECF No. 20]. However, Plaintiff's complaint and supplement to his complaint makes no mention of the SCTCA and solely asserts federal claims pursuant to 42 U.S.C. § 1983. [ECF Nos. 1, 12].

The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."

8

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).