IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

|  |  |  |
|---|---|---|
| Joshua Drummond, | ) | Case No. 1:26-cv-01062-JDA |
|  | ) |  |
| Plaintiff, | ) | **OPINION AND ORDER** |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| Scotty Bodiford, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

This matter is before the Court on Defendant's motion to dismiss.  [Doc. 14.]

On March 12, 2026, the Clerk docketed Plaintiff's Complaint in this action brought pursuant to 42 U.S.C. § 1983.  [Doc. 1.]  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

On April 16, 2026, Defendant filed a motion to dismiss for failure to state a claim. [Doc. 14.]  The same day, the Magistrate Judge issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), explaining the procedures relevant to the motion to dismiss and directing Plaintiff to file his response.  [Doc. 15.]  The Clerk docketed Plaintiff's response on May 4, 2026.  [Doc. 20.]

On June 1, 2026, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the action be dismissed.  [Doc. 26.]  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  [*Id*. at 9.]  The Clerk docketed objections from Plaintiff on June 15, 2026.  [Doc. 29.]

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Report agreed with Defendant that Plaintiff fails to state a claim against him because Plaintiff makes no allegations that Defendant had any direct, personal involvement in the events underlying Plaintiff's claims and fails to allege any facts that would support liability under a supervisory liability theory.  [Doc. 26 at 4–7.]  In his objections, Plaintiff largely does not engage the Magistrate Judge's analysis.  [*See generally* Doc. 29.]

Nevertheless, out of an abundance of caution for the pro se Plaintiff, the Court has conducted a de novo review of the Report, the record, and the applicable law.  Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and

incorporates it by reference.  Accordingly, Defendant's motion to dismiss [Doc. 14] is GRANTED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

June 22, 2026
Columbia, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.